

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 8, 1974

The Honorable Charles A. Murphy
Executive Director
Texas Aeronautics Commission
P. O. Box 12607, Capitol Station
Austin, Texas 78711

Opinion No. H- 416

Re: Authority of the Texas
Aeronautics Commission to
assist in development of a
municipal airport the property
for which is leased to the city.

Dear Mr. Murphy:

The Texas Aeronautics Commission has received a request for
financial aid to make improvements on a municipal airfield. The field
is located on land one-half of which is owned by the city in question and
the other one half of which is leased from a county school district holding
it for investment purposes. The present lease is for at least 20 years.

Articles 46c to 46c-7, V. T. C. S., establish the Aeronautics Com-
mission. Article 46c-6, Subdivision 10, authorizes the Commission to
grant or lend funds to, among others, incorporated cities in the state
"for the establishment, construction, reconstruction, enlargement or
repair of airports." Criteria to be considered in determining whether
or not a grant or loan is to be made are stated as follows:

> (1) The need for an airport or facility or improve-
> ment of existing facility in the locality in the light of
> existing airports or facilities in the area and in light
> of the overall needs of the state, and

> (2) The financial needs of the community with
> priority given to areas of greatest need.

> (3) Loans shall be made in lieu of grants whenever
> feasible. Prior to approving any loan or grant the
> Commission shall require that:

(1) The airport or facility remain in the control
of the political subdivision or political subdivisions
involved for at least 20 years, and

(2) The political subdivision disclose the source
of all funds for the project and its ability to finance
and operate the project, and

(3) All loans shall bear interest at the rate of at
least three per-cent per annum and have a term of not
longer than 20 years, and

(4) At least fifty percent of the total project cost be
provided from sources other than the State of Texas, and

(5) The project be adequately planned.

You have asked our opinion as to whether you may legally make a
grant or loan when a portion of the real estate upon which improvements
are to be located is leased.

Almost the identical question was presented to this office some years
ago and was answered in Attorney General Opinion C-511 (1965) where it
was held that, under Sections 50, 51 and 52 of Article 3 of the Constitution
the grant or loan of public money to improve leased land would be unconstitu-
tional.

Very recently we had occasion to review Opinion C-511 in another
context and concluded that it went too far. Insofar as Opinion C-511 indicates
that a public expenditure for the erection or maintenance of a public facility
on leased property is violative of the Constitution for the sole reason that
the land is leased, it has been overruled by Attorney General Opinion H-403
(1974). Article 3, Sections 50, 51 and 52, and Article 8, Section 3 of the Texas
Constitution do prohibit loans and grants of state funds for private purposes,
but an expenditure made for a proper public purpose and for an adequate
consideration or public benefit is valid even though private persons are
incidentally benefited. Barrington v. Cokinos, 338 S. W. 2d 133 (Tex. 1960).

As we said in Opinion H-403, not every public purpose is a proper one upon which to base a public expenditure, but we think expenditure of state funds pursuant to Article 46c-6, V. T. C. S., in order to improve municipal airport facilities within the state is prima facie for a proper public purpose and not an improper grant to a municipality in violation of Article 3, Sections 50 and 51. It serves a state purpose, and not merely a local one. The Commission is directed to make its decisions "in the light of the overall needs of the state," and the municipalities may be considered agents of the state to accomplish the purpose. See State v. City of Austin, 331 S. W. 2d 737 (Tex. 1960); Jones v. Alexander, 59 S. W. 2d 1080 (Tex. 1933); Jefferson County v. Board of County and District Road Indebtedness, 182 S. W. 2d 908 (Tex. 1944).

Accordingly, it is our opinion that the Texas Aeronautics Commission might legally make a grant or loan pursuant to Article 46c-6 for the making of improvements on a municipal airfield located or partially located on land leased for a period of at least twenty years if all statutory requirements are met and if the grant or loan is made for what is determined to be a proper public purpose and for an adequate consideration (quid pro quo) or public benefit. Attorney General Opinions H-403 (1974), M-512 (1969).

## SUMMARY

The Texas Aeronautics Commission is not prohibited from making grants or loans of funds, for a proper public purpose and for an adequate consideration or public benefit, to establish, construct, reconstruct or enlarge municipal airports located on land leased for a period of at least twenty years.

Very truly yours,

JOHN L. HILL
Attorney General of Texas